STATE *ex rel.* E. P. JACKSON v. J. M. LEE, Comptroller.

150 So. 727.
Division A.
Opinion Filed November 9, 1933.

W. J. Oven and *James Messer, Jr.,* for Relator;
*Oxford & Cutts* and *Peterson, Carver & Langston,* for Respondent.

DAVIS, C. J.—This is a mandamus proceeding brought against the State Comptroller to require the respondent to issue to relator, E. P. Jackson, a warrant upon the proper fund of the Bank of Sarasota, now in the Comptroller's hands in process of liquidation, for the amount of unpaid compensation claimed by Jackson as having been earned by him while acting as Liquidator of said Bank of Sarasota under and pursuant to his appointment and qualification as such.

The Comptroller resists the relator's demand by demurrer to and motion to quash the alternative writ. The grounds are that the alternative writ on its face shows that the relator was removed as liquidator, and that the Comptroller denies that any compensation due him remains unpaid, and has therefore refused to admit and allow the same as a claim payable out of the assets of the Bank of Sarasota, and that consequently relator's remedy is a suit at law to recover a judgment for the amount claimed to be due, before this Court can grant mandamus to require same to be paid by warrant by the Comptroller as herein sought to be required.

Claims arising against the Comptroller growing out of liquidation of banks, and which are payable out of the assets

of a bank being liquidated, may be enforced by suit at law brought and prosecuted by analogy to the manner in which suits on similar claims are permitted to be reduced to judgment against executors and administrators, to be paid out of the estates in their hands. Until such claims are either audited and allowed by the Comptroller, or, if denied, are reduced to judgments at law, mandamus to compel drawing of a warrant to pay same will not lie.

Motion to quash granted and proceeding dismissed without prejudice to proceed at law. Costs against relator.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.